IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEVANDER CARLTON McLEAN, § | | |
| #23440-077, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-1564-K |
| § | | (3:08-CR-0006-K(01)) |
| UNITED STATES OF AMERICA § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court for consideration are Petitioner Levander Carlton McLean's *pro se* motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 with memorandum in support (Doc. 1-2), the Government's response with Appendix in support (Doc. 13-14), and Petitioner's reply (Doc. 15). For the reasons set out below, the section 2255 motion is denied.

## I. BACKGROUND

A jury found Petitioner guilty of one count of conspiracy to use identification documents unlawfully and the Court sentenced him to sixty months' imprisonment, a three-year term of supervised release, and restitution in the amount of $208,600.92. *United States v. McLean*, No. 3:08-CR-0006-K(01) (N.D. Tex. Jan. 22, 2009). The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *United States v. McLean*, No. 09-10090 (5th Cir. Mar. 9, 2010) (unpublished per curiam). On August 10, 2010, Petitioner filed this timely section 2255 motion with memorandum in support, alleging ineffective assistance of counsel at trial, sentencing

and on direct appeal.

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds.

At the outset, the Court notes that Petitioner's affidavits (attached to his memorandum in support and reply) are not sworn under penalty of perjury. (Doc. 2 at 23-30; Doc. 15 at 27.) Even if properly sworn under penalty of perjury, the affidavits do not raise any issue of fact. As such, the Court will not consider them in its analysis below.

Petitioner raises fifteen instances of ineffective assistance of counsel. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. In reviewing counsel's performance, the Court must be "highly deferential," making every

effort "to eliminate the distorting effects of hindsight," and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

After reviewing each of Petitioner's claims, the Court concludes that counsel's performance did not amount to constitutionally ineffective assistance of counsel.

A.  **Ineffective Assistance of Counsel at Trial**

Failure to Investigate (Claims #1-6)

In his first six grounds, Petitioner contends trial counsel failed to investigate his case properly to obtain original records and eyewitness testimony. He alleges counsel:

(1) failed to investigate the case generally;
(2) failed to investigate who lived at the 2600 Clear Springs, #502, Richardson, Texas, address;
(3) failed to interview key bank employees at Neighborhood Credit Union;
(4) failed to interview key bank employees at Crossroads Homes Bank;
(5) failed to interview key bank employees at Central Carolina Bank;
(6) failed to interview a key witness for the rental of office space at 5518 Dyer Street #9, Dallas, Texas.

(Doc. 1 at 6-8.) The lengthy pleadings accuse counsel of relying only on expert investigators. According to Petitioner, counsel should have engaged in basic investigation techniques, such as speaking to or calling the various property and bank managers, whose name and phone number Petitioner claims he provided to counsel.

As set out in his detailed affidavit, counsel conducted an extensive pretrial investigation of the charges pending against Petitioner. (Doc. 14 at 1.) Counsel also investigated *each* of the issues raised in grounds two through six above, but was unable

3

to uncover relevant information. (*Id.* at 3-4.) Counsel's performance was not deficient merely because the investigators did not locate the records and/or witnesses that Petitioner claims could have been so easily located. Even liberally construing the lengthy pleadings, Petitioner has presented little more than a laundry list of supposed misdeeds and omissions, without plausible explanation of how such misdeeds constituted deficient performance.

Nor can Petitioner establish prejudice, namely that there is any reasonable probability that the missing records and/or witnesses would have altered the outcome of his case in light of the overwhelming evidence presented against him at trial. *See Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000) (allegations of a counsel's failure to investigate must include with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial.") Petitioner's bare allegations of what a "proper" investigation would have revealed fail to showing a reasonable probability that the jury would have reached a different verdict. Thus, Petitioner has not met the high burden of establishing that counsel's investigation amounted to deficient performance <u>and</u> that he was prejudiced thereby.

<u>Failure to Employ a Forensic Handwriting Expert (#7)</u>

Petitioner claims that a Forensic Handwriting Expert would have been able "to examine, analyze, and compare his handwriting with the handwriting on all of the bank documents in . . . [his] case . . . to gain any exculpatory evidence available." (Doc. 1 at 9.) Contrary to Petitioner's assertion, trial counsel did not assure Petitioner that he

4

would employ the services of a Forensic Handwriting Expert. (Doc. 14 at 4.) In addition, counsel's decision not to employ an expert is entitled to deference as reasonable trial strategy. *See United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."). In his affidavit, counsel explains:

> All three of the co-conspirators would have had to submit to the analysis for it to be probative that McLean was not involved in a conspiracy and there was a concern about the risk that an analysis might actually be counter-productive. Also, the known signature of Levander McLean was considerably different from the signatures on the evidentiary items of concern and was obvious to the untrained, naked eye. These differences were argued at trial while keeping the burden of proof on the government.

(Doc. 14 at 4.)

Petitioner replies that counsel's decision not to use a handwriting expert was "ill chosen" because the signature on the fraudulent Charles Abrams' driver license was not in his handwriting. However, the evidence at trial established that the Charles Abrams' driver license bore Petitioner's picture, which he had taken at a Texas Department of Public Safety office. Therefore, Petitioner cannot meet his burden of showing prejudice, namely that there is a reasonable probability that a handwriting expert would have led to a different result in his case.

<u>Failure to Seek Reconsideration of Denial of Motion for New Counsel (Claim #8)</u>

There is no merit to Petitioner's contention that counsel failed or refused to seek reconsideration of the denial of his motion for new counsel. Counsel disputes that

5

Petitioner ever requested him to file a motion for reconsideration. (Doc. 14 at 4.) Even if such motion had been filed, the Court would have denied it.

Counsel's Motion to Withdraw (Claim #9)

Counsel was not ineffective when he filed a motion to withdraw as defense counsel on the first day of trial. Counsel filed the motion to withdraw contemporaneously with a motion to sever Petitioner's criminal case from co-defendant Rita McLean, Petitioner's wife. The Court denied both motions and the case proceeded to trial the same day. Petitioner cannot show prejudice as a result of the filing of counsel's motion to withdraw.

Failure to Call Expert Helen Marquez (Claim # 10)

Petitioner faults counsel for failing to call as a witness at trial Helen Marquez, an Internal Revenue Service fingerprint expert. However, as set out in counsel's affidavit, Petitioner's fingerprints were not found on any of the relevant documents, rendering unnecessary a fingerprint expert. (Doc. 14 at 4.) Thus, Petitioner cannot overcome the presumption that counsel's decision was reasonable trial strategy. *See Jones*, 287 at 331. Moreover, contrary to Petitioner's assertion, the fingerprint expert could not have testified that the "signature on all of the tax forms did not match defendant's handwriting." (Doc. 15 at 20.)

Failure to Call Experts Carol Masch and Bonita Johnson (Claim # 11)

Counsel's decision not to call Carol Mash and Bonita Johnson is also entitled to deference as reasonable trial strategy. *See Jones*, 287 F.3d at 331. In his affidavit,

6

counsel explains:

> Calling Carol Masch from the Department of Public Safety would have complicated the argument that Robert McAllister alone created the fraudulent Charles Abrams driver's license. McLean had no reasonable explanation as to why he was in a DPS office having his photograph taken. Masch would have clarified that the photographic records are kept sequentially and are retrievable and that it is highly unlikely that a person would not be aware that their photograph was taken without receiving a new license or replacement.
>
> Calling Bonita Johnson would have been counter-productive and damaging. Through interviews with various bank employees, it was apparent that most, if not all, bank personnel are trained to check and compare a photographic identification card with the appearance of the person presenting it as proof of identification. McAllister and McLean have very different physical characteristics and it would be highly unlikely that anyone other than McLean could have presented a driver's license with McLean's picture on it multiple times and not be discovered.

(Doc. 14 at 4.) Petitioner replies (1) that he was in a DPS office to obtain a duplicate Texas driver license, (2) that Mash would have testified that McAllister (his nephew) could have placed Petitioner's picture on the Charles Abrams' driver licence without Petitioner knowing it, and (3) that Johnson would have testified about the termination of bank employees opening fraudulent accounts for person who did not have proper documents. (Doc. 15 at 16.) However, none of the above assertions suffice to overcome the presumption that counsel's decision was reasonable trial strategy.

<u>Failure to Call Witness Bette Flores (Claim #12)</u>

Counsel was not constitutionally ineffective because he was unable to locate Bette Flores to testify at trial. (Doc. 14 at 5.) Further, Petitioner cannot show that had Flores testified that the jury would have reached a different verdict. As Petitioner notes,

7

McAllister conceded at trial that he lived at 13360 Montford Drive, Dallas, Texas. (Trial Tr. Vol. 1 at 177.) In addition, Flore's testimony would not have exonerated Petitioner, but only shown that Robert McAllister had used fraudulent identifications.

### Cumulative Effect of Failure to Investigate (Claim #14)

Petitioner asserts counsel was ineffective in the "aggregate" because of his failure "to investigate several fact[s] of this case." (Doc. 15 at 19-20.) The Court finds no cumulative effect and rejects this claim.

In summary, The Court denies all claims of ineffective assistance of counsel at trial.

**B.      Ineffective Assistance of Counsel at Sentencing (Claim #13)**

Petitioner contends counsel should have argued at sentencing that the loss amount of $89,584.43, reflected in the Superseding Indictment, differed from the actual loss amount of $208,600.92, used in the Presentence Report (PSR). This claim has no merit. The PSR correctly attributed to Petitioner an actual loss amount of $208,600.92 and an attempted loss amount of $125,144.91, which resulted in a total "attempted or intended loss" of $333,745.83. (PSR, Doc. 97, at ¶¶ 11-12.) Clearly defense counsel was not required to raise a frivolous objection. *United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness...."). Early in his representation, counsel explained to Petitioner the difference between relevant conduct and intended loss and

8

how they would be used to calculate his sentence. (Doc. 14 at 5.) Accordingly, the Court rejects Petitioner's claim of ineffective assistance of counsel at sentencing.

C. **<u>Ineffective Assistance of Counsel on Appeal</u>**

Appellate counsel is not required to raise every nonfrivolous issue on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Indeed, it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach. *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

Petitioner asserts appellate counsel failed to raise on direct appeal any of the claims of ineffective assistance of trial counsel. Because the claims of ineffective assistance of trial counsel were meritless, counsel was not deficient in failing to raise them on direct appeal. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise [on direct appeal] a legally meritless claim."). In addition, it is well established that the United States Court of Appeals for the Fifth Circuit generally does not review claims of ineffective assistance of trial counsel on direct appeal, and that such claims are more appropriately raised in a section 2255 proceeding. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). Accordingly, Petitioner's claim of ineffective assistance of counsel on appeal fails.

### III. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED.

Signed this 24th day of May, 2011.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE